United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HARCO NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

ANGELINA R. CURTIN, et al.,

Defendants.

Case No.: 5:25-cv-10045-EJD

**ORDER FOR SUPPLEMENTAL BRIEFING**

This case arises from a state court proceeding in which the successors in interest of a motorcyclist struck by a driver sued the driver for negligence and wrongful death. The parties in that proceeding signed a written stipulation to a binding arbitration providing that (1) no judgment would be entered against the driver, Erika Yazmin Gomez-Amador, (2) each side would bear its own costs, and (3) policy limits would not be disclosed to the arbitrator. First Am. Compl. ("FAC"), ECF No. 37 ¶ 28. The arbitrator awarded the successors in interest $6,408,927. *Id.* ¶ 31.

Harco National Insurance Co. ("Plaintiff") then brought this case against Angelina R. Curtin, Dahlia D. Curtin, and Dominic Quinn Palapay ("Defendants"), alleging that Defendants had breached the arbitration agreement in a variety of ways, including by seeking to recover over $3 million in prejudgment interest and costs. *Id.* ¶ 33. But after Plaintiff filed this case, the state court struck the request for prejudgment interest and costs. *Id.* ¶ 34.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal jurisdiction can arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. *See* 28 U.S.C. §§ 1331 (federal

United States District Court
Northern District of California

question), 1332 (diversity). Plaintiff brings this case under diversity jurisdiction. FAC ¶ 8. Diversity jurisdiction requires that the parties be citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

Since the state court struck Defendants' request for $3 million in prejudgment interest and costs, it is not clear whether the amount in controversy is met. From the FAC, the Court understands there may be two amounts that remain in controversy: the $6.4 million arbitration award, and defense costs and attorneys' fees.

With respect to the $6.4 million award, the FAC states that Plaintiff "paid Claimants *all amounts owed* under the Policy, including the $15,000 policy limit." FAC ¶ 31 (emphasis added). This implies that Plaintiff has already paid the full $6.4 million, including the $15,000 policy limit. However, the FAC also states that "Defendants contend the Plaintiff is liable for the entirety of the Award, including the amount that exceeds the $15,000 policy limit." *Id.* ¶ 38. That implies that Plaintiff has not paid the balance of the $6.4 million award (beyond the $15,000). If Plaintiff has not paid $6.4 million, then declaratory relief that Plaintiff does not owe that amount satisfies the amount in controversy. But if Plaintiff has paid the award, then this amount would not provide the basis for the Court's jurisdiction.

Plaintiff also seeks damages for "increased defense costs and attorneys' fees in the Underlying Litigation that it otherwise would not have had to incur had it not been for Claimants' wrongful conduct and which were not incurred solely to enforce the Stipulation for Arbitration." FAC ¶ 43. Fees, both as damages and as costs, are included in the amount in controversy calculation. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 (9th Cir. 2018). In assessing the amount in controversy, there may be a "chain of reasoning that includes assumptions," but "such assumptions cannot be pulled from thin air"—they "need some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). Here, Plaintiff has merely stated "the amount in controversy exceeds $75,000." FAC ¶ 8. If costs and fees in the underlying proceedings form the amount in controversy, Plaintiff needs to provide some reasonable grounds for the assumption that those costs and fees exceed

United States District Court
Northern District of California

$75,000.

Based on the foregoing, the Court **ORDERS** both parties to submit briefing as to whether and how the amount in controversy is satisfied. The briefs shall be no longer than **three pages each** and shall be submitted no later than **July 27, 2026.**

**IT IS SO ORDERED.**

Dated: July 20, 2026

Edward J. Davila
United States District Judge